IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LORI CURLESS, on behalf of herself and other persons similarly situated,** ) ) ) | |
| **Plaintiff,** ) ) | |
| vs. ) | Case No. 10−cv−0279−JPG−SCW |
| ) ) | |
| **GREAT AMERICAN REAL FOOD FAST,** ) ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

This putative Collective Action, brought under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 216(b), came before the Court for resolution of a discovery dispute. On April 15, 2010, Plaintiff Lori Curless ("Curless") filed this action, on behalf of herself and other persons similarly situated, against Defendant Great American Real Food Fast ("Great American"), alleging violations of the "tip credit" provisions of the FLSA and the Illinois Minimum Wage Law (IMWL), 820 ILCS § 105/12(a). Since the filing of Curless's Complaint (Doc. 2), thirteen (13) additional people have filed their consents with the Court to become party plaintiffs in this Collective Action, pursuant to 29 U.S.C. § 256(b) (the "opt-in plaintiffs"). Curless argues that these opt-in plaintiffs are entitled to discovery relating to their claims. In response, Great American argues that Curless's discovery requests are far broader than necessary at this early stage, prior to pursuing conditional certification.

Both parties submitted detailed letters to the Court briefing their respective positions. After thoroughly reviewing these letters, on January 10, 2011, the Court conducted an in-depth telephone conference with the parties, on the record. At the conclusion of the phone conference the Court outlined its initial considerations and noted that a written Order would follow. In light of the foregoing, the Court now rules as follows.

At issue here is the amount of discovery—both in scope and in breadth—that is appropriate *prior* to the conditional certification of a Collective Action. "A majority of district courts (in reported and unreported decisions) have adopted an *ad-hoc* two-step process to determine whether to certify a collective action under the FLSA." *Marshall v. Amsted Industries, Inc.*, No. 10-cv-0011-MJR, 2010 WL 2404340 *4 (S.D. Ill. June 16, 2010) (collecting cases). At step one of this process, the named (or "representative") plaintiffs attempt to obtain *conditional* certification of their collective action by making a "modest factual showing" that the potential claimants are all similarly situated. *Id.* If *conditional* certification is granted, then notice is sent to all potential opt-in plaintiffs. At step two, after the parties have engaged in additional discovery, the court must determine—based on a more stringent standard—whether the class members actually are "similarly situated," or whether the class should be restricted or even de-certified. *Id.*; *see also Anyere v. Wells Fargo, Co., Inc.*, No. 09-C-2769, 2010 WL 1542180 (N.D. Ill. April 12, 2010).

Here, a collective action has not been conditionally certified. Thus, the specific issues to be resolved are: (1) are the current opt-in plaintiffs entitled to any discovery *prior* to step one of the two-step process outlined above; and (2) if so, how much discovery is appropriate at this stage? District courts are split on the issue of whether discovery of information about putative opt-in class members is appropriate *before* a collective action is authorized. *See Sedtal v. Genuine Parts Company*, No. 1:08-cv-413-TH, 2009 WL 2216593 *6 (E.D. Tex. July 23, 2009) (collecting cases). However, a number of courts have found that "'provisional certification is not necessarily a prerequisite for conducting limited discovery' for defining the proposed class. *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 553-54 (N.D. Ill. 2008), *quoting Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 671 (D. Kan. 2003)(citations omitted).

In *Acevedo*, the Court found that "[c]ollective actions under Section 216(b) necessitate a broader scope of discovery in order to identify similarly situated employees who may wish to opt-in

to the suit." *Id.*, *citing Hammnod*, 216 F.R.D. at 671. Further, the *Acevedo* Court found that any potential issues regarding privacy rights were outweighed by "more compelling" due process rights which require an opportunity to discover contact information regarding similarly situated employees. *Id.* at 554. The Court agrees with both of these conclusions.

Therefore, based on the remedial purposes of the FLSA and this Court's broad discretion under FEDERAL RULE OF CIVIL PROCEDURE 26, and in line with the well-reasoned approach taken by the *Acevedo* Court, this Court finds Curless's discovery requests—as they relate to the thirteen opt-in plaintiffs—both relevant and appropriate at this stage in the litigation. Further, because all of the current opt-in plaintiffs work at Great American's three Illinois stores, the Court finds it proper to grant Curless limited additional discovery regarding potentially similarly situated employees in a small number of Great American's "out of state" stores. Finally, to mitigate some of Great American's privacy concerns, the Court—as a part of this Order—will impose a protective order to ensure that any information provided to Plaintiff's counsel is protected from improper disclosure and used only for its intended purposes.

In light of the foregoing, the Court Orders the following discovery:

1. Within **30 days of the date of this** Order, Great American SHALL fully respond to all of Plaintiff Lori Curless's discovery requests regarding all thirteen of the current opt-in plaintiffs, including Plaintiff's First Set of Interrogatories and Plaintiff's First Requests for Production of Documents and Things. All of Great American's Objections within the aforestated documents are hereby OVERRULED.

2. Great American SHALL also provide Plaintiff with the full names, home addresses and phone numbers ("contact information") for all "tipped employees" who have worked in any of its three Illinois stores, during the time period relevant to this action.

3. Great American SHALL further provide Plaintiff with the names and addresses (i.e. location) for all of its "out of state" stores.

4. Plaintiff SHALL then identify two (2) of Great American's "out of state" stores for which Great American SHALL then provide Plaintiff–within 30 days–with the full names, home addresses and phone numbers ("contact information") for all "tipped employees" who have worked in those two stores–as selected by Plaintiff–during the time period relevant to this action.

The information provided by Great American as to their employees' contact information, as noted above, SHALL be produced to Plaintiff's counsel only, and may only be used in this litigation. Plaintiff's counsel shall not disseminate this information beyond other counsel or agents assisting counsel in this litigation.

**IT IS SO ORDERED**.

DATED January 14, 2011.

/s/ *Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge