IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LORI CURLESS, *on behalf of herself and other persons similarly situated,*

Plaintiff,

v.

GREAT AMERICAN REAL FOOD FAST, INC.,

Defendant.

Case No. 3:10-cv-00279-JPG-SCW

MEMORANDUM & ORDER

This matter comes before the Court on the plaintiff's Motion for an Order to Authorize Notice to Similarly Situated Persons (Doc. 39) and its memorandum in support (Doc. 40). The defendant, Great American Real Fast Food, Inc., ("Great American") filed a memorandum in opposition (Doc. 43) to which the plaintiff, Lori Curless, filed a reply (Doc. 45).

I.     Background

The plaintiffs here are tipped employees, servers, at Great American Real Food Fast's restaurants. Curless alleges violations of the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law in her complaint (Doc. 2). In Count I, Curless alleges Great American violated the FLSA by paying Curless tipped-employee minimum wage without complying with the requirements of the FLSA by having the employees perform non-tipped work without proper compensation. 29 U.S.C. §203(m). Curless further alleges Great American failed to inform Curless of the tip credit subsection of the FLSA and regularly required her to perform non-tipped work without paying minimum wages for this work. Curless states Great American regularly required its 265 tipped employees in their twelve restaurants around the United States to perform

1

non-tipped work without compensating pay accordingly. In Count II, Curless alleges the same conduct also violated the Illinois Minimum Wage Law but not as a class action. 820 ILCS 105/1 *et seq*.

Curless filed the present motion seeking to be permitted to issue Notice of the Lawsuit to similarly situated employees, use the form of Notice and Consent submitted, and to issue the notice through the mail, employee pay envelopes, and a workplace posting at each of Great American's restaurants (Docs. 39, 40). In support of her motion, Curless argues all the current opt-in plaintiffs and potential opt-in plaintiffs are tipped employees performing the same jobs and same job duties at Great American's restaurants. She further argues all were paid in the same manner and subjected to the same practices that are alleged to violate the FLSA. Curless now seeks to conditionally certify a class of current and former tipped employees who worked in any Great American restaurant in the United States since April 15, 2007. Currently, there are opt-in plaintiffs from each of Great American's Illinois restaurants and from one of the Ohio restaurants who claim they were required to do similar additional non-tipped duties while being paid a tipped wage. Curless also argues the statute of limitations should be equitably tolled from April 15, 2007 (the filing of the complaint) because Great American refused to provide information on class members.

Great American argues Curless's motion should be denied because she has failed to present evidence of a national uniform practice or policy which violated the FLSA (Doc. 43). Great American focuses on the declarations of the plaintiffs to show that the work varies from restaurant to restaurant and therefore would require individual analysis of each potential plaintiff. Great American also points out only one opt-in plaintiff is from outside of Illinois. It goes on to argue, however, that class certification for just Illinois is still not appropriate because the jobs

differed at individual restaurants and some restaurants required more or less side-work (work such as cleaning, stocking, preparing dishes) to be completed. Great American further argues thirteen employees from Princeton have joined and the lack of opt-in plaintiffs from other Illinois locations (two opted-in from Mt. Vernon, two from Marion, and one from McLean) indicate there is only a problem in Princeton, IL. On the issues equitable tolling and the notice form to be mailed, Great American has asked to be allowed to file supplemental briefs but briefly states equitable tolling is not applicable because it did not act in bad faith.

In her reply, Curless argues Great American has conflated the issues by focusing on the individual non-tipped daily activities of each class member. Her central argument is that she has produced substantial evidence Great American "maintained a wide-spread, systematic practice of utilizing tipped employees, who were paid a sub-minimum wage, to perform non-tipped work." (Doc. 45). Curless also states that if the Court were to allow for additional briefing on the issue of equitable tolling, she would rather take the Defendant's proposed date of August 23, 2010 than have an additional delay of another briefing schedule.

II. Conditional Certification

1. Standard

The FLSA provides that an action to recover liability for violations of the "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). In order to be included in an action brought on behalf of a group of similarly situated employees, a claimant must affirmatively opt into the action. *Id.* A collective action allows FLSA plaintiffs "the advantage of lower individual costs to vindicate rights by the pooling of resources. The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact

arising from the same alleged [unlawful] activity." *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989) (age discrimination case implementing FLSA enforcement mechanism).

Courts have developed a two-step process to implement a plaintiff's right under § 216(b) to bring an action on behalf of others similarly situated to him. *See, e.g., Petersen v. Marsh USA, Inc.*, 2010 WL 5423734, at *2 (N.D. Ill. Dec. 23, 2010) (citing *Russell v. Illinois Bell Tel. Co.*, 575 F. Supp. 2d 930, 933 (N.D. Ill. 2008)). At the first step, sometimes called the notice stage, a plaintiff is required to show that there are "similarly situated employees who are potential claimants." *Smallwood v. Illinois Bell Tel. Co.*, 710 F. Supp. 2d 746, 750 (N.D. Ill. 2010). A plaintiff can do this by making a "modest factual showing" that he and other potential plaintiffs were victims of a common unlawful policy or plan. *Id.* (quoting *Flores v. Lifeway Foods, Inc.*, 289 F. Supp. 2d 1042, 1045 (N.D. Ill. 2003)). "[A] plaintiff need only demonstrate a factual nexus that binds potential members of a collective action together." *Gambo v. Lucent Techs., Inc.*, 2005 WL 3542485, *4 (N.D. Ill. Dec. 22, 2005).

At this stage, the Court does not resolve factual disputes, decide substantive issues going to the merits or make credibility determinations. *Marshall v. Amsted Indus., Inc.*, 2010 WL 2404340, * 5 (S.D. Ill. June 16, 2010). If a plaintiff succeeds at the notice stage, the Court will conditionally certify the collective action and will authorize notice of the action to potential plaintiffs who may want to join. *Smallwood*, 710 F. Supp. 2d at 750. The standard at the notice stage is lenient, *Russell*, 575 F. Supp. 2d at 933, and courts have broad discretion to implement the notice provisions of § 216(b). *Hoffman-La Roche*, 493 U.S. at 169.

The second step occurs after the opt-in period and further discovery. There, at a defendant's request, the Court asks "whether there is sufficient similarity between the named and opt-in plaintiffs to allow the matter to proceed to trial on a collective basis." *Smallwood*, 710 F.

Supp. 2d at 750 (internal quotations omitted). If there is not sufficient similarity, the Court may reconsider its decision to allow the case to proceed as a collective action and dismiss the opt-in plaintiffs' claims without prejudice. *Russell*, 575 F. Supp. 2d at 933; *Marshall*, 2010 WL 2404340 at * 5.

2. Analysis

At this stage, Curless is only required to show that there are "similarly situated employees who are potential claimants." *Smallwood,* 710 F. Supp. 2d at 750. The declarations submitted by Curless and the other plaintiffs show a substantial similarity in the extra work that was required to be performed. Great American argues the work varied by location, however, Curless' claim is more than 20% of the work performed was non-tipped work which was not properly compensated; the claim does not argue each server was required to do the exact same non-tipped work. Further, at this stage, the Court "does not resolve factual disputes, decide substantive issues going to the merits or make credibility determinations." *Marshall*, 2010 WL 2404340 at * 5. The Court believes there is sufficient similarity between the claims to create a common nexus between the plaintiffs.

The Court next examines whether the potential plaintiffs were victims of a common policy or plan. Great American argues there was not a common policy because the restaurants determined their own requirements for non-tipped work based upon the restaurants' needs rather than Great American setting the work for each restaurant. The Court does not find this argument sufficiently convincing to defeat the requirement of a common policy. Great American is the owner of all of the restaurants and it is alleged their policy is to require servers to perform non-tipped work. The fact that each restaurant determined what the details of the work would be does not defeat the alleged common plan or policy at this point. In *Flores*, the court held there was not

5

a common policy or plan as required when only two employees out of fifty (less than 2%) were able to allege a violation of the FLSA. 289 F. Supp. 2d at 1046. In the current matter, eighteen employees from multiple locations have opted in from approximately 265 (roughly 7%) potential plaintiffs, or almost four times as many as in *Flores*.

Curless has attached the Great American Real Food-Fast Employee Handbook which discusses some of the work waitresses must do such as cleaning windows, vacuuming, etc. There are also fifteen affidavits of servers being required to do substantial non-tipped work. Although Great American questions the accuracy of the affidavits, this is not the time to "resolve factual disputes, decide substantive issues going to the merits or make credibility determinations." *Marshall*, 2010 WL 2404340 at * 5. The Court finds Curless' evidence to be sufficient to show a common plan in the notice stage of the pleadings.

Great American argues there is not sufficient participation in the lawsuit by employees from Canton, Ohio or Paducah, Kentucky to support a nationwide certification. The Court agrees. Although the standard at this stage is relaxed, there must be a "modest factual showing." *Smallwood*, 710 F. Supp. 2d at 750. Curless has not made a factual showing that employees nationwide are similarly situated. Only one employee of the potential sixty-seven employees outside of Illinois consented to participate in the lawsuit. There is only one affidavit from a server outside of Illinois. The Court does not believe a modest factual showing has been shown as to potential plaintiffs outside of Illinois. The Court therefore conditionally certifies the class as to Illinois servers who are or were employed by Great American Real Food Fast. The Court discusses the issue of tolling for class members below.

III. Equitable Tolling

Curless argues the statute of limitations should be tolled from the date the complaint was filed because Great American refused to provide information regarding potential plaintiffs. Great American asked in its Memorandum in Opposition (Doc. 43) for additional time to brief both this issue and the issue of notice and then provided an outline of its positions. The Court is not going to delay this matter further by allowing for additional briefing and is sufficiently informed to rule on the issues of equitable tolling and notice. Great American argued, in regards to the statute of limitations, that it should not be tolled because the discovery was withheld in good faith. It further argued that if the statute of limitation were to be tolled; it should only be tolled from date when the discovery was due (August 23, 2010).

The statute of limitations for an FLSA violation claim is two years. *See* 29 U.S.C. § 255(a). Equitable tolling is extended sparingly and only where claimants exercise diligence in preserving their legal rights. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (citing *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984)). Generally, there are two broad categories of situations where a court will employ equitable tolling: "(1) where the plaintiffs actively pursued their legal remedies by filing defective pleadings within the statutory period, and (2) where the defendants' misconduct induces failure to meet the deadline." *Adams v. Inter-Con Security Sys., Inc.,* 242 F.R.D. 530, 553 (N.D. Cal. 2007) (citing *Irwin,* 498 U.S. at 96, 111 S.Ct. 453). A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). Further, the analysis of whether to apply equitable tolling should focus on fairness to both parties. *See Irwin*, 498 U.S. 89.

As the parties' pleadings illustrate, district courts have not applied equitable tolling uniformly in FLSA cases. *Compare Adams*, 242 F.R.D. 530 (applying equitable tolling from the date which the defendants failed to provide discovery); *with Goudie v. Cable Comm. Inc.,* 2008 WL 4861649 (D. Or. Nov. 8, 2008) (holding "the FLSA "does not require Defendants to provide contact information for potential plaintiffs until *after* the court certifies the collective action"). The courts who have not utilized equitable tolling in FLSA cases rely upon the fact there is not a requirement for defendants to disclose potential plaintiffs in the Act. *See* 29 U.S.C. § 216(b)). A court in the Southern District of New York succinctly summarized that position:

> FLSA defendants are not obligated from the inception of a litigation either to provide contact information of putative collective action members or to toll potential claims voluntarily. To grant the exceptional remedy of equitable tolling any time an FLSA defendant declines to provide contact information or to toll claims would, in effect, require that the statute of limitations for FLSA claims be tolled as a matter of course for all potential plaintiffs whenever the first plaintiff files her complaint—a result plainly contrary to the procedural rules that govern FLSA collective actions.

*Amendola v. Bristol–Myers Squibb Co.,* 558 F.Supp.2d 459, 480 (S.D.N.Y. 2008) (citing *Boykin v. KeyCorp,* 521 F.3d 202, 211 n. 10 (2d Cir. 2008) ("[T]o permit equitable tolling for [an] entire class of individuals would threaten to extend the doctrine beyond its limitation to 'rare and exceptional circumstances.'")). As there is no requirement in § 216(b) to provide information, failing to do so does not rise to the level of "exceptional circumstance" as required to equitably toll the statute. *See Putnam v. Galaxy 1 Marketing,* 276 F.R.D. 264, 276 (S.D. Iowa Aug. 23, 2011).

In spite of this, the law surrounding what is required prior to conditional class certification is murky, as recognized in Magistrate Judge Williams' discovery order (Doc. 29). There is case law supporting each position and the Court does not believe either party acted in bad faith. Rather, there was genuine confusion over what Great American was required to

produce. Curless satisfies the test to utilize equitable tolling. *See Pace,* 544 U.S. at 418. First, she diligently pursued her rights and in fact filed the motion for conditional certification one month prior to the extended deadline given by this Court (Doc. 33). The second prong requires there to be exceptional circumstances. *Id.* Although some district courts have found the defendant's failure to provide the notice itself an exceptional circumstance, this Court does not agree. *See Adams*, 242 F.R.D. 530 (employing equitable tolling for defendant's failure to provide information regarding potential class members); *Baldozier v. Am. Family Mut. Ins. Co.,* 375 F. Supp. 2d 1089, 1092 (D. Colo. 2005) (equitably tolling the statute of limitations to the filing of the complaint because of defendant's failure to give discovery). The Court does, however, believe the inconsistency and confusion in the law on this subject rises to the level of an exceptional circumstance. Both parties acted in good faith and were diligent in their pursuit of the matter and the Court will not punish the potential plaintiffs for ambiguity in law in this area.

The Court notes that due to the discovery dispute, the plaintiff was delayed by at least two months in filing her motion for conditional certification. Consequently, the Court will toll the statute of limitations from August 23, 2010 (the day Great American's discovery answers were due) until January 14, 2011 (the day Magistrate Judge Williams resolved the discovery dispute). The Court believes this result is fair to Curless, does not prejudice Great American in any way, and is consistent with other district courts' interpretations. *See Abadeer v. Tyson Foods, Inc.,* 2010 WL 5158873 (M.D. Tenn. Dec. 14, 2010).

IV. Notice

The final point of contention between the parties surrounds Curless' proposed notice form. Great American takes issue with the following areas:

- The notice should state the defendant's attorney may be contacted and/or that potential plaintiff can contact an attorney of their choice.
- The class as stated in the notice is overly broad because it says you may be eligible to join if you "were paid a 'tip credit' rate of pay, or an hourly rate of pay less than the federal applicable minimum wage."
- The word "potentially" should be added before the word "join" in statements one, three, and four." It would also like the words "and are ultimately decided by the Court to be a class member" added in paragraph six after the word "lawsuit."
- The notice should advise potential plaintiffs they may be held responsible for Great American's costs if Great American prevails.

Regarding its own obligations, Great American opposes having to put the notices in pay envelopes because the paychecks are not put in envelopes but are handed to the employee. It also opposes having to send a reminder notice prior to the expiration of the opt-in period.

1. Standard

Although a plaintiff is not required to seek the district court's approval in sending out notices, *Heitmann v. City of Chicago,* 2004 WL 1718420 (N.D.Ill. July 30, 2004), district courts regularly exercise discretionary authority over the notice process. *Anyere v. Wells Fargo, Co., Inc.*, 2010 WL 1542180 (N.D. Ill. April 12, 2010). A district court has the discretion to regulate notice given to similarly-situated persons under the "opt-in" provision of the Fair Labor Standards Act. *See Woods v. New York Life Ins. Co.,* 686 F.2d 578 (7th Cir. 1982). A notice does not need to include defense counsel's contact information as "there is no basis in law or logic for this request." *Gambo v. Lucent Technologies, Inc.,* 2005 WL 354285 (Dec. 22, 2005, N.D. Ill.).

A notice should, however, include recipients' right to obtain separate counsel, bring their own action, or not to sue. *Id.*

    2. Analysis

For the ease of reader, the Court will simply list each of Great American's objections and then addresses that objection below.

- **The notice should state the defendant's attorney may be contacted and/or that potential plaintiff can contact an attorney of their choice.**

The Court will require the notice to state a plaintiff may contact an attorney of their choice. The notice does not need to include the defendant's attorney nor state that the defendant's attorney may be contacted.

- **The class as stated in the notice is overly broad because it says you may be eligible to join if you "were paid a 'tip credit' rate of pay, or an hourly rate of pay less than the federal applicable minimum wage."**

The Court accepts Curless' contention the lawsuit is whether "Defendant is entitled to the tip credit against its minimum wage obligations for all its tipped employees." (Doc. 45, p. 12). As such, the notice is accurate in its description of the class. The Court reminds Curless, however, that it is only conditionally certifying the class and plaintiffs who are not similarly situated will not be allowed to join later proceedings.

- **The word "potentially" should be added before the word "join" in statements one, three, and four." It would also like the words "and are ultimately decided by the Court to be a class member" added in paragraph six after the word "lawsuit."**

This objection is without merit. Once the Court has conditionally certified this class, the potential plaintiffs are eligible to join. There is no need to add the word "potentially" to the notice as the

notice makes it clear it is the reader's decision to join the suit. The same applies to the "and are ultimately decided by the Court…" The notice specifically says "your continued right to participate in the case may depend upon a later decision by the District Court…." (Doc. 40-1, p.4).

- **The notice should advise potential plaintiffs they may be held responsible for Great American's costs if Great American prevails.**

The notice already clearly states a plaintiff may be responsible for costs if a judgment is awarded in paragraph six. It specifically says "[t]he attorneys for the Plaintiff may be entitled to receive the payment of attorneys' fees and costs in this lawsuit if there is a recovery or judgment in Plaintiff's favor. If there is no recovery or judgment in Plaintiff's favor, you will not be responsible for any attorneys' fees." (Doc. 40-1, p. 4). The Court finds this to be sufficiently clear.

- **Great American should not have to put the notice in pay envelopes.**

Courts have approved the requirement that notices go into pay envelopes in the past and this Court sees no reason why the notices cannot be put into pay envelopes here. Great American's argument that "there is no envelope" borders the ridiculous. Whoever hands out the paychecks (without an envelope) is equally capable of handing out a second piece of paper (the notice) with that check.

- **Great American should not have to mail out a reminder.**

Great American has given no reason other than it "objects" to the request to send a reminder notice. The Court notes, however, that the potential plaintiffs are already receiving two notices (one in the mail and one with their paycheck) and a third notice seems superfluous and perhaps

even crossing into harassment. The Court therefore denies the request for a reminder notice to be mailed.

To summarize, Curless needed to add that the recipient may contact their own counsel to paragraph four of the notice and a reminder notice does not need to be mailed. The notice also needed to be limited to Illinois plaintiffs. With those changes, the Court approves the notice. The Court has attached the approved notice to this order.

V.      Conclusion

The Court **GRANTS** the Plaintiff's Motion to Authorize Notice to Similarly Situated Persons (Doc. 39) but limits the potential class to servers in Illinois**.** The Court **TOLLS** the statute of limitations from August 23, 2010 until January 14, 2011.  Further, the Court **APPROVES** the notice as attached to this order.

**IT IS SO ORDERED.**
**DATED:** January 18, 2012

s./ J. Phil Gilbert_____
**J. PHIL GILBERT**
**DISTRICT JUDGE**